**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| SHELBY STEPHENS, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-04-234 |
| REED BROTHERS DODGE, INC., *et al.*, | * |
| Defendants. | * |

* * * * *

## MEMORANDUM OPINION

This action involves a suit brought by Shelby Stephens ("Stephens" or "Plaintiff") against Reed Brothers Dodge, Inc. ("Reed Brothers") and Suntrust Bank ("Suntrust") (collectively, "Defendants") concerning her purchase of an automobile from Reed Brothers and the financing of that automobile, obtained through Suntrust. Reed Brothers has filed a third party complaint against DaimlerChrysler Corporation ("Chrysler"). Currently pending before the Court is Chrysler's Cross-Motion for Summary Judgment [33]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Chrysler's's Cross-Motion for Summary Judgment.

## FACTUAL & PROCEDURAL BACKGROUND

The relevant facts are also set forth in this Court's July 12, 2005 Memorandum Opinion; these facts are taken in the light most favorable to the non-movant. At some point during October 2001, Stephens came across an advertisement for a car in a newspaper. In late October 2001, Stephens took the advertisement to Reed Brothers dealership. An employee at Reed Brothers told

1

Stephens that although the specific vehicle referred to in the advertisement was no longer available, other vehicles were available for purchase.

On November 3, 2001, Stephens returned to Reed Brothers. While browsing in the showroom, Stephens saw and inquired about the availability of a black Dodge Stratus. Although the showroom vehicle had been sold, William East ("East"), a Reed Brothers salesperson, informed Stephens that Reed Brothers could obtain a similar car for her from another Dodge dealership. East told Stephens that a similar car would cost between $16,000 and $17,000. Stephens authorized the dealership to obtain a black Dodge Stratus for her purchase. Three days later, Stephens returned to Reed Brothers to pick up the vehicle. Stephens signed a contract to purchase a black, two-door Dodge Stratus (the "Car") for $17,316 and presented a $6000 down payment toward the total purchase price of the vehicle.

Subsequent to the purchase, Stephens returned her Car to Reed Brothers on numerous occasions for a variety of different repairs. With two exceptions, Reed Brothers corrected these problems at the time Stephens presented the Car without charge. Reed Brothers did not immediately and effectively repair: (1) the trunk carpet lining, which repeatedly became detached, and (2) the Car's brakes, which Plaintiff asserts often squeaked when used. With regard to the brakes problem, Stephens returned to Reed Brothers on at least nine occasions, and each time, Reed Brothers attempted, without success, to correct the issue to the satisfaction of Stephens. On multiple occasions, Reed Brothers servicepersons told Stephens that the noise she heard was normal.

Plaintiff filed suit against Reed Brothers and Suntrust on January 28, 2004. Plaintiff's Complaint alleges violations of various state and federal laws, including the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), the Maryland Consumer Protection Act, Md. Code Ann.,

Comm. Law § 13-301(1); the Maryland Consumer Protection Act, Md. Code Ann., Comm. Law §§ 13-301(5) & 13-301(9)(i); the Maryland Automotive Warranty Enforcement Act, Md. Code Ann., Comm. Law § 14-1502(c)(1). Plaintiff also claims that Defendant Reed Brothers breached the contract for the sale of the Car and defrauded her.

Defendant Reed Brothers filed a Third Party Complaint against DaimlerChrysler on March 11, 2004. In the Third Party Complaint, Defendant and Third-Party Plaintiff, Reed Brothers, contends that if Plaintiff were to prevail in this suit, Reed Brothers Dodge would be entitled to indemnification and contribution from Chrysler.

On July 22, 2004, Plaintiff's designated expert, Joseph Kuhn ("Kuhn"), inspected Plaintiff's Car for this case. Kuhn did not to road-test the Car because it had a dead battery at the time of inspection. Further, Kuhn did not interview Plaintiff concerning the operation of her Car, nor did he perform any tests on the Car. At his deposition, Kuhn conceded that, as he did not road-test the Car, he could not confirm that the brakes on the Car actually squeaked. In response to counsel's inquiries, Kuhn stated, in pertinent part, as follows:

> Q. Now in this case, you can't really opine about whether or not the problems Ms. Stephens complained about with the brakes really are a problem without having heard them, correct?
>
> A. I'd say you're probably correct. Because even my opinion about what's normal and abnormal may be different from somebody else's.

Not having heard the Car brakes squeak, Kuhn explained that he could not dispute the conclusions of the Reed Brothers servicepersons that the break noise in question was normal.

On August 2, 2004, Defendants' designated expert, Robert Wilson ("Wilson"), examined and road-tested Plaintiff's Car. Wilson concluded that the brakes did not squeak or otherwise emit an

3

abnormal noise when used.

Plaintiff also gave a deposition in this case. At that deposition, Plaintiff conceded that no one from Reed Brothers ever made any statements to her that were false or misleading. Additionally, at no point did Plaintiff or her expert assert that the break squeaking problem rendered the Car unsafe for travel.

On November 13, 2004, Plaintiff filed her Motion for Partial Summary Judgment as to Count V of her Complaint, claiming a violation of the Maryland Automotive Warranty Enforcement Act, also known as the Lemon Law. Chrysler filed this Cross-Motion for Summary Judgment on November 29, 2004. This Court denied Plaintiff's Motion for Partial Summary Judgment in an Order issued on July 12, 2005 and granted Reed Brother and Suntrust's Cross-Motion for Summary Judgment on all claims. Chrysler's Cross-Motion for Summary Judgment is pending and is ripe for disposition.

## **STANDARD OF REVIEW**

Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. To defeat a motion for summary judgment, the non-moving party must come forward and show that a genuine issue of material fact exists. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

While the court must view evidence in the light most favorable to the non-movant, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, a court will grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.*

## ANALYSIS

Many of Plaintiff's claims are interrelated and, in some circumstances, dependent upon one another. Therefore, this Court will consider Plaintiff's claims in the order most efficient to their disposition.

### A. Fraud

Under Maryland law, to recover damages in an action for fraud, a plaintiff must prove: (1) that the defendant made a false representation to the plaintiff; (2) that the falsity of the representation was known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff reasonably relied upon the misrepresentation; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *Ellerin v. Fairfax Sav.*, 652 A.2d 1117, 1123 (Md. 1995). Plaintiff asserts that the following representations by Reed Brothers constitute fraud: (1) that the automobile Reed Brothers advertised was not available for sale; (2) that the Dodge Stratus Plaintiff observed in the showroom had already been sold; and (3) that the Car sold to Plaintiff was a "new" car.

This Court found that Plaintiff had not presented sufficient evidence to support any of these allegations and therefore granted summary judgment to Reed Brothers as to the fraud count of

5

Plaintiff's Complaint, in part because: (1) Plaintiff conceded that Reed Brothers or its employees did not make any false or misleading statements to her; (2) Plaintiff did not present evidence that the alleged "bait and switch" scheme actually existed; and (3) Plaintiff did not demonstrate that the car sold to her was not a new car.[1]  As to Chrysler, Plaintiff's Complaint does not allege that Chrysler or its agent made fraudulent representations.  Even after Chrysler became a third-party defendant in this suit, Plaintiff has not made this claim in subsequent pleadings.  Therefore, the Court will grant Chrysler's Cross-Motion to Dismiss as to the fraud count.

### B.      Maryland Consumer Protection Act

Plaintiff's claims under the Maryland Consumer Protection Act rest on the same factual allegations made in support of her fraud action, *i.e.*, that Reed Brothers refused to honor its newspaper advertisement, pulled a "bait and switch" on Plaintiff, and failed to sell her a new vehicle.  As stated above, Plaintiff has failed to present any evidence that Reed Brothers or Chrysler engaged in the conduct prohibited by the statute.  Furthermore, Plaintiff has not alleged that Chrysler violated the statute in her pleadings.  As such, the Court will grant summary judgment for Chrysler on these Counts.

### C.      Breach of Contract

Plaintiff has also argued that the facts in her Complaint support a finding that Reed Brothers and Chrysler breached the implied warranty of merchantability and ordinary fitness inherent in the sales contract for the Car.  The Court disagrees.

In Maryland, a warranty of merchantability is implied in a contract for the sale of goods if the seller is a merchant with respect to goods of that kind.  Md. Code Ann., Comm. Law, § 2-314(1)

---

[1] Indeed, Plaintiff's expert witness conceded that the Car in question was a new vehicle.

(2005). In order to satisfy the implied warranty of merchantability, a good must be, *inter alia*, fit for the ordinary purposes for which such goods are used. *Id.* Here, Plaintiff argues that the Car was not fit for the ordinary purposes for which cars are generally used. Maryland courts have explained that the warranty of fitness for the ordinary purpose "simply means that [an] automobile is fit for reasonably safe transportation when it is used in its normal manner." *Mercedes Benz of North Am., Inc. v. Garten*, 618 A.2d 233, 240 (Md. Ct. Spec. App. 1993).

In this case, Plaintiff concedes that the Car was safe for use as transportation. Both Plaintiff and her expert acknowledged that brakes stopped the car in a timely manner and otherwise operated in safe manner. As for the noise the brakes emitted, the Court finds that Plaintiff has not presented any evidence that the noise deviated from the normal noise made by car brakes. *See* Md. Code Ann., Comm. Law, § 2-314(2) (2005). Indeed, Plaintiff's expert testified that no industry standard exists for the normal level of noise made by car brakes and, moreover, stated that he could not contradict Defendants' expert's claim that the Car made no improper brake noises whatsoever. As such, the Court will grant summary judgment to Chrysler as to Plaintiff's breach of contract claims.

### D.     Violation of the Maryland Automotive Warranty Enforcement Act

Plaintiff's Complaint alleges a violation of the Maryland Automotive Warranty Enforcement Act (the "Lemon Law") because the Car was out of service for more than thirty days for repairs and because Reed Brothers did not successfully remedy the brake noise problem after four or more attempts. In her opposition to Chrysler's Cross-Motion for Summary Judgment, Plaintiff also contends that Chrysler violated the Lemon Law.

Maryland's Lemon law provides that:

> (c)(1) If, during the warranty period, the manufacturer or factory branch, its agent, or its authorized dealer is unable to repair or correct

7

>   > any defect or condition that substantially impairs the use and market value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer or factory branch, at the option of the consumer, shall:
>   >
>   >> (i) Replace the motor vehicle with a comparable motor vehicle acceptable to the consumer; or
>   >>
>   >> (ii) Accept return of the motor vehicle from the consumer and refund to the consumer the full purchase price including all license fees, registration fees, and any similar governmental charges...
>   >
>   >                    ...
>   >
>   > (d) It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable warranties if:
>   >
>   >> (1) The same nonconformity, defect, or condition has been subject to repair 4 or more times by the manufacturer or factory branch, or its agents or authorized dealers, within the warranty period but such nonconformity, defect, or condition continues to exist;
>   >>
>   >> (2) The vehicle is out of service by reason of repair of 1 or more nonconformities, defects, or conditions for a cumulative total of 30 or more days during the warranty period; or
>   >>
>   >> (3) A nonconformity, defect, or condition resulting in failure of the braking or steering system has been subject to the same repair at least once within the warranty period, and the manufacturer has been notified and given the opportunity to cure the defect, and the repair does not bring the vehicle into compliance with the motor vehicle safety inspection laws of the State.

MD Code Ann., Comm. Law, § 14-1502.  The Lemon Law further provides that a consumer must bring all claims under the statute within three years of the date of delivery of the vehicle.  *See* MD Code Ann., Comm. Law, § 14-1502(k).[2]

---

[2] Chrysler argues that Plaintiff cannot assert a claim against Chrysler under Maryland's Lemon Law as Plaintiff did not amend the Complaint to assert claims against Chrysler and the three-year statute of limitations has expired for bringing a claim under Maryland's Lemon Law. Rule 14 of the Federal Rules of Civil Procedure makes clear that "[t]he plaintiff may assert any

Essentially, Subsection (c)(1) of the Lemon Law protects the purchasers of defective vehicles. To take advantage of this subsection, the purchaser must demonstrate two elements in addition to the existence of a defect: (1) that the defect "substantially impairs the use and market value of the motor vehicle to the consumer," and (2) that the authorized dealer or its agent cannot repair or correct the defect after "a reasonable number of attempts." If a consumer proves these facts, then the consumer is entitled to a choice between two remedies--either replacement of the defective vehicle with a comparable vehicle or a return of the vehicle with a refund.

Plaintiff rests her entire argument on the applicability of Subsection (d) of the statute. She claims that because she presented documentation that Reed Brothers made multiple attempts to correct the problems with her vehicle, she has proffered enough evidence to establish Chrysler's liability under the Lemon Law. This reliance, however, is misplaced.

Subsection (d) does not give a plaintiff an independent basis for recovery, but merely states when a presumption arises that the authorized dealer has made "a reasonable number of attempts" to cure the defect. Subsection (d) does not relieve Plaintiff of the burden of proving that the defect

---

claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). The plaintiff need not amend the complaint to assert such a claim, but may make a claim against the third-party defendant in any pleading. *See* Fed. R. Civ. P. 14, advisory committee note ("the plaintiff, may if he desires, assert directly against the third-party defendant either by amendment *or by a new pleading* any claim he may have...") (emphasis added).

   Plaintiff made a claim against Chrysler under Maryland's Lemon Law in her Opposition to Defendants' Cross-Motions for Summary Judgment, filed on December 30, 2004. This Court is not convinced that Plaintiff asserted this claim in "a new pleading" within the meaning of Rule 14(a) or Rule 7 before the statute of limitations expired. In the event that Plaintiff moved to amend the Complaint to include her claim against Chrysler under the Lemon Law, Plaintiff would have to demonstrate that the amendment "relates back" to the original Complaint. As the Court will decide this motion on other grounds, this Court will not address whether any future amendment to Plaintiff's Complaint would relate back to the original cause of action. *See* Fed. R. Civ. P. 15.

substantially impaired the use and market value of the vehicle.

As noted above, Plaintiff has not produced any evidence that the noise from her brakes deviated from the normal noise made by car brakes, and Plaintiff's expert could not confirm that the Car made any braking noises at all. Based on Plaintiff's evidence, no reasonable trier of fact could find that the alleged braking noise "substantially" impaired the use and market value of the Car. As a result, Chrysler is entitled to summary judgment on the Lemon Law claims.

### E.      Violation of the Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act provides for the recovery of attorneys fees and costs in federal court where a plaintiff has demonstrated "the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(2). As Plaintiff has failed to demonstrate a violation of the implied warranty of merchantability, she cannot prove liability under the Magnuson-Moss Warranty Act. Therefore, the Court will grant summary judgment to Chrysler on this count of Plaintiff's Complaint.

### CONCLUSION

For all of the aforementioned reasons, the Court will GRANT Third Party Defendants' Cross-Motion for Summary Judgment [33]. An Order consistent with this Opinion will follow.

Date:   September 20, 2005                              /s/
                                                Alexander Williams, Jr.
                                                United States District Court